IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Scott Wolfe,               ) | No. CV-03-1403-PHX-FJM |
|                             ) | |
| Petitioner,          ) | **ORDER** |
|                             ) | |
| vs.                         ) | |
|                             ) | |
| Dora B. Schriro, et al.,      ) | |
|                             ) | |
| Respondents.       ) | |
|                             ) | |

The court has before it Petitioner's First Amended Petition for Writ of Habeas Corpus[1] (doc. 15), Petitioner's Second Amended Petition for Writ of Habeas Corpus (doc. 31), the Response to the Petition (doc. 33), Petitioner's Reply (doc. 38), the Report and Recommendation of the United States Magistrate Judge (doc. 40), and Petitioner's Objections to the Report and Recommendation (doc. 41). After *de novo* consideration of the issues, the court accepts the recommended decision of the United States Magistrate Judge pursuant to Rule 72(b), Fed. R. Civ. P.

---

[1] Petitioner improperly incorporated by reference his First Amended Petition for Writ of Habeas Corpus into his Second Amended Petition for Writ of Habeas Corpus. For purposes of judicial expediency, the Magistrate Judge agreed to consider both the First and Second Amended Petitions. We also agree to consider both Petitions.

I.

Petitioner was convicted of first degree murder and was sentenced to life in prison with the possibility of parole in twenty-five years. Petitioner raises three claims for habeas relief: (1) the prosecutor committed misconduct by allegedly misstating the law of first degree murder during closing argument; (2) his sentence was unconstitutionally imposed; and (3) his right to present a defense was violated because he was not permitted to present "third-party culpability" evidence.

In his first claim, Petitioner contends that the prosecutor misstated the law governing first degree murder in her rebuttal closing argument, thereby implicitly shifting the burden of proving premeditation to Petitioner, in violation of his Fourteenth Amendment due process rights. The law is well settled that even if a prosecutor's remarks exceed permissible bounds, such remarks only violate a petitioner's constitutional rights if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471 (1986).

Here, the prosecutor's statement to the jury that no evidence of a "sudden quarrel" existed was made in response to Petitioner's contention that the murder occurred during a sudden quarrel. Contrary to Petitioner's claim, the prosecutor's statement did not suggest that the murder was premeditated if it did not result from a sudden quarrel. We accept the Magistrate's conclusion that the prosecutor neither misstated the law nor shifted the burden of proof on an element of the charge in violation of Petitioner's Fourteenth Amendment rights.

II.

Relying on State v. Viramontes, 204 Ariz. 360, 64 P.3d 188 (2003), Petitioner next contends that the trial judge improperly considered aggravating factors contained in A.R.S. § 13-702, rather than A.R.S. § 13-703, in violation of his liberty interests protected by the Fourteenth Amendment. While there was discussion by counsel at sentencing regarding both § 13-702 and § 13–703 aggravating factors, the trial judge did not reference either statute

1   when imposing the sentence[2], nor did he find that any aggravating factors existed. Therefore,
2   it is not clear from the record whether a Viramontes violation occurred.

3   This finding, however, is not central to our determination, because even if a
4   Viramontes violation did occur, any resulting error was harmless.  See Brecht v.
5   Abrahamson, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1722 (1993) (in order to grant federal
6   habeas relief on a claim, the alleged error must have "had substantial and injurious effect or
7   influence"); see also Bains v. Cambra, 204 F.3d 964, 977 (9th Cir. 2000) (holding the Brecht
8   standard applies uniformly to all § 2254 cases); Coleman v. Calderon, 210 F.3d 1047, 1051
9   (9th Cir. 2000) (applying the Brecht standard to habeas sentencing issues).  Here, the trial
10  court had only two sentencing options before it:  natural life and life with the possibility of
11  release after 25 years.  Petitioner received the lesser punishment.  Because Petitioner was
12  sentenced to the statutory minimum, a resentencing could not lead to a lesser sentence.
13  Therefore, Petitioner was not deprived of any substantive right and he suffered no
14  deprivation of a liberty interest.

15  We also reject Petitioner's claim that a Viramontes error would impact his liberty
16  interests because of the potential effect such error might have on his eligibility for parole.
17  In arguing that the trial court improperly applied the wrong sentencing statute and applied
18  improper aggravating factors, Petitioner mistakenly attributes quotes from the sentencing
19  transcript to the trial court, when in fact those quotes are actually arguments made by the
20  prosecutor.  See Exhibit 3 to Second Amended Petition for Writ of Habeas Corpus, Jan. 14,
21  2000 Transcript of Sentencing Proceedings 35-38 (doc. 32).  Contrary to Petitioner's
22  assertion, the trial court's sentencing ruling is silent as to application of a particular statute
23  or a finding of aggravating circumstances.  Id. at 38-42.  Because the court did not find any
24  aggravating circumstances under either statute, no improper aggravating circumstances

---

[2] The language quoted at page 17 of the Report and Recommendation is that of the prosecutor and not the judge. Sentencing Tr. at 35.

would affect his parole eligibility, and therefore constitutional liberty interests are not implicated.

### III.

Finally, Petitioner contends that the exclusion of certain third-party culpability evidence violated his Sixth and Fourteenth Amendment rights by (1) imposing a higher standard of relevance to defense evidence; (2) preventing him from adequately confronting witnesses against him; (3) improperly shifting the burden of proof to the defense; and (4) invading the factfinding function of the jury.

We agree with the Magistrate Judge's conclusion that Petitioner's rights were not violated by the trial court's exclusion of certain third-party culpability evidence. A petitioner's "right to present evidence at trial is not without limitation and 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" Arredondo v. Ortiz, 365 F.3d 778, 783 (9th Cir. 2004) (quoting Chambers v. Mississippi, 410 U.S. 284, 295, 93 S. Ct. 1038, 1046 (1973)). We agree with the Magistrate Judge's analysis and conclusion that Petitioner's constitutional rights were not diminished by the exclusion of evidence, given that Petitioner had other opportunities to offer third-party culpability evidence and to impeach the credibility of the State's main witness sufficient to afford him a fair trial according to due process standards.

### IV.

For the foregoing reasons, the court accepts the recommendation of the United States Magistrate Judge and overrules Petitioner's objections (doc. 40).

**IT IS ORDERED DENYING** Petitioner's First Amended Petition for Writ of Habeas Corpus (doc. 15).

**IT IS FURTHER ORDERED DENYING** Petitioner's Second Amended Petition for Writ of Habeas Corpus (doc. 31).

DATED this 14th day of October, 2005.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge